```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
```
**ODS CAPITAL LLC, Individually and on
Behalf of All Others Similarly Situated,**

          **Plaintiff,**       **MEMORANDUM
                            AND ORDER**

      -against-                   20-CV-5973 (KAM)

**CHANGYOU.COM LIMITED.,** *et al.*,

           **Defendants.**
```
-----------------------------------------------------------x
```

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

   Currently pending before this Court is an unopposed motion for appointment as lead plaintiff and approval of lead counsel, filed by ODS Capital LLC ("ODS" or "plaintiff"), see Motion to Appoint Counsel (Feb 8, 2021) ("ODS Mot."), Electronic Case Filing ("ECF") Docket Entry ("DE") #7. On April 1, 2021, the Honorable Kiyo A. Matsumoto entered an order referring the motion to the undersigned magistrate judge. See Order Referring Motion (Apr. 1, 2021). For the reasons that follow, this Court grants ODS's motion for appointment as lead plaintiff and approval of counsel: ODS is hereby approved as lead plaintiff and their choice of counsel, Labaton Sucharow LLP, is hereby approved as lead counsel.

## BACKGROUND

   On December 8, 2020, plaintiff ODS commenced this litigation by filing a class action complaint against the following entities and individuals: Changyou.com Limited ("Changyou"); Changyou Merger Co. Limited ("Merger Co."); Sohu.com Limited ("Sohu"); Sohu.com (Game) Limited ("Sohu Game"); Xiao Chen, a former Changyou director; Dr. Charles Zhang, a current Changyou director; and Joanna Lv, a Sohu executive and director of Sohu Game and Merger Co.

See Complaint (Dec. 8, 2020) ("Compl.") ¶¶ 16-23, DE #1.  Changyou is a China-based company incorporated in the Cayman Islands that operates digital games.  See id. ¶ 16.  Following the public offering of Changyou's American Depository Shares ("ADS") in the United States in 2009, [1] and until the occurrence of a merger described in the following paragraph, Changyou's ADSs were listed on NASDAQ.  See id. ¶¶ 2, 16, 27.  Sohu is a Chinese digital media company with its ADSs listed on NASDAQ, and at all relevant times was Changyou's controlling stockholder.  See id. ¶¶ 17-18.

      The Complaint alleges that in January 2020, Changyou, Sohu, Sohu Game, and Merger Co. entered into an agreement whereby Merger Co. and Changyou would merge (the "Merger") and Sohu would acquire the remaining shares in Changyou that it did not already own for $5.40 per Class A share or $10.80 per ADS.  See id. ¶¶ 4, 36-39.  On February 14, 2020, Changyou, Sohu, Sohu Game, and Merger Co. jointly filed with the United States Securities and Exchange Commission a Rule 13E-3 Transaction Statement concerning the Merger, which contained false and misleading statements regarding the existences of dissenters' rights pursuant to Cayman Islands law.  See id. ¶¶ 5-8, 40, 44-60.  The Merger closed on April 17, 2020, without the truth being revealed, and Sohu Game purchased all outstanding ADSs at the artificially depressed price of $10.80 per share on April 23, 2020.  See id. ¶¶ 9, 40-41, 63-65, 69.  The Complaint sets forth claims under Sections 10(b), 13(e), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78j(b), and Rules 10b-5 and 13e-3promulgated thereunder 17 C.F.R. § 240.10b-5 and 17 C.F.R. § 240.13e-3 respectively, asserted on behalf of putative class members, except defendants and their affiliates, who either held Changyou ADSs on April 23, 2020 or sold

---

[1] One Changyou ADS represented two ordinary shares of Changyou.  See Compl. ¶ 27.

such shares between February 14, 2020 and April 23, 2020 (the "Class Period"). See Compl. ¶¶ 1, 11.

On December 8, 2020, the same day this Complaint was filed, ODS's counsel, Labaton Sucharow LLP, issued a press release in *Business Wire*, notifying the public of this litigation. See Ex. B to ODS Mot. ("12/8/20 Notice"), DE #7-4. On February 8, 2021, plaintiff ODS filed the only, and still uncontested, motion for appointment as lead plaintiff and approval of its choice of legal counsel. See ODS Mot.; Notice of Unopposed Motion (Feb. 22, 2021) ("Mot. Notice"), DE #8.

## DISCUSSION[2]

### I. Notice Requirement and the Filing of Timely Motions

The PSLRA requires that the plaintiff who files the first action must publish notice to the class within twenty days of filing the action, in a widely circulated national business-oriented publication or wire service, advising members:

(I) of the pendency of the action, the claims asserted therein, and the purported class period; and

(II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

---

[2] As a preliminary matter, this Court concludes that an order appointing lead plaintiff and approving lead counsel qualifies as a nondispositive matter under Rule 72(a) of the Federal Rules of Civil Procedure, allowing this Court to issue a written order (i.e., a Memorandum and Order) rather than a recommended disposition (i.e., a Report and Recommendation). See Fed. R. Civ. P. 72(a). Multiple courts, including ones in this District, have concluded that motions to appoint lead plaintiffs and approve lead counsel are nondispositive. See, e.g., In re Comverse Tech., Inc. Derivative Litig., No. 06-CV-1849 (NGG)(RER), 2006 WL 3511375, at *2 (E.D.N.Y. Dec. 5, 2006) (deciding that "[t]he parties' nondispositive motions to . . . appoint a lead plaintiff and lead counsel were thus properly addressed by [Magistrate] Judge Reyes"); Roofers' Pension Fund v. Papa, Civ. Action No. 16-2805, 2017 WL 1536222, at *3 (D.N.J. Apr. 27, 2017) (finding that the Magistrate Judge's Order regarding the appointment of a class action lead plaintiff and counsel was nondispositive per Fed. R. Civ. P. 72(a)).

On December 8, 2020, the same day that plaintiff filed the Complaint, Labaton Sucharow LLP published a notice in *Business Wire* announcing that a securities class action had been filed. See 12/8/20 Notice. This press release advised investors who "sold Changyou stock or ADSs during the Class Period" to file the appropriate motion no later than February 8, 2021. See id. The sufficiency of the press release as notice of this litigation is unchallenged, and the filing of a press release through *Business Wire* is an appropriate means of satisfying the PSLRA's notice requirement. See, e.g., Chitturi v. Kingold Jewelry, Inc., 20-CV-2886-LDH-SJB, 2020 WL 8225336, at *3 (E.D.N.Y. Dec. 22, 2020) (collecting cases).

Based on the December 8, 2020 Notice, the 60-day period in which members of the proposed class could move to serve as lead plaintiff of the purported class expired on February 8, 2021. Accordingly, having filed their motion on February 8, 2021, plaintiff complied with the PSLRA's 60-day deadline to move for appointment as lead plaintiff. See ODS Mot.

## II. Appointment of Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in an Exchange Act case. The PSLRA's legislative history reveals that Congress enacted the law in response to class action abuses, as plaintiffs' lawyers would otherwise "race to the courthouse" to secure the lead plaintiff designation. See In re Olsten Corp. Sec. Litig., 3 F.Supp.2d 286, 294 (E.D.N.Y. 1998) ("By enacting the PSLRA, Congress intended to 'increase the likelihood that parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiff's counsel.'" (quoting H.R. Rep. No. 104-369 (1995))).

Procedurally, the law directs the court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of

adequately representing the interests of class members" (generally known as the "most adequate plaintiff"). 15 U.S.C. § 78u-4(a)(3)(B)(i). Courts follow a two-step process to determine the most adequate plaintiff. See generally In re Gentiva Sec. Litig., 281 F.R.D. 108, 111-12 (E.D.N.Y. 2012). In the first stage of the inquiry, the PSLRA establishes a "presumption" that the most adequate plaintiff is the person or group of persons who or that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Court must consider a proposed plaintiff's adequacy under the PSLRA, even when the motion is unopposed. See, e.g., Rauch v. Vale S.A., 378 F.Supp.3d 198, 208 (E.D.NY. 2019) (citing Nurlybaev v. ZTO Express (Cayman) Inc., 17-CV-06130 (LTS)(SN), at *1 (S.D.N.Y. Nov. 13, 2017) ("Although the . . . motion is unopposed, the Court must still ensure that it is the most adequate plaintiff under the PSLRA.")).

Once the Court determines that there exists a presumptively adequate lead plaintiff, it must move to the second stage of the inquiry: whether that presumption has been sufficiently "rebutted" by a member of the purported plaintiff class. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Specifically, the presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

Id.

### A. Largest Financial Interest

The PSLRA requires courts to "adopt a presumption that the most adequate plaintiff . . . has the largest financial interest in the relief sought by the class[,]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb), but offers no statutory guidance for determining which plaintiff has the largest financial interest, see Takara Tr. v. Molex Inc., 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."); accord In re Gentiva, 281 F.R.D. at 117. In contrast to cases involving a purchaser class, in cases such as this, where the underlying basis for recovery is the sale of shares at an artificially depressed price, "any investor who sold (during the class period) before the fraud was revealed incurred injuries because that investor sold at a price that was artificially lower than the investor should have received." Levie v. Sears Roebuck & Co., 496 F.Supp.2d 944, 948 (N.D. Ill. 2007) (certifying a class of investors who sold prior to the disclosure of an allegedly fraudulently concealed merger); see also San Antonio Fire & Police Pension Fund v. Dole Food Co., Inc., 177 F.Supp.3d 838, 840 (D. Del. 2016) (in PSLRA litigation brought by a seller class, "'losses' in the traditional sense need not have been sustained"). Accordingly, under the PSLRA, where the putative class is comprised of sellers who allege that they were harmed by having "sold shares at artificially deflated prices, courts generally use as a metric the total number of shares the class members sold during the Class Period." White Pine Invs. v. CVR Ref., LP, 20 Civ. 2863 (AT), 2021 WL 38155, at *3 (S.D.N.Y. Jan. 5, 2021) (citations omitted).

Under these criteria, ODS — the only party that has moved for appointment as lead plaintiff — has the largest financial interest. See Mot. Notice; see also Workman v. Namaste

6

Techs., Inc., 1:18-cv-10830-GHW, 2019 WL 280948, at *2 (S.D.N.Y. Jan. 22, 2019) (unopposed movant for lead plaintiff had the largest financial interest). During the Class Period (specifically, on March 18, 2020, March 26, 2020, and April 23, 2020), ODS sold or exchanged 498,543 Changyou ADSs, on each occasion at a price at or below $10.80 per ADS. See ODS Certification (Feb. 8, 2021), DE #7-3.

The Court therefore concludes that ODS has the largest financial interest in the relief sought by the class.

B. **Satisfaction of Rule 23**

After the Court has identified the plaintiff with the largest financial interest in the litigation, it must "focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements [of the PSLRA]." Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., 229 F.R.D. 395, 411 (S.D.N.Y. 2004) (citation and quotations omitted). Under the PSLRA, in order to serve as lead plaintiff, the movant with the largest financial interest must also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) specifies four requirements for certification of a class action: numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a).

In determining whether the presumptively most adequate plaintiff satisfies Rule 23 for the purposes of the PSLRA, a court need only consider whether the movant's claims are typical and adequate, and the presumptive lead plaintiff need only make a preliminary showing that its claims satisfy the typicality and adequacy requirements of Rule 23. See In re Olsten Corp., 3 F.Supp.2d at 296 ("[T]he party moving for lead plaintiff . . . need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23."); accord White

Pine Invs., 2021 WL 38155, at *3. At this initial stage of the litigation, "a wide ranging analysis under Rule 23 is not appropriate . . . and should be left for consideration of a motion for class certification." Weinberg v. Atlas Air Worldwide Holdings, Inc., 216 F.R.D. 248, 252-53 (S.D.N.Y. 2003) (citation and quotations omitted); see In re Sequans Commc'ns S.A. Sec. Litig., 289 F.Supp.3d 416, 422 (E.D.N.Y. 2018).[3]

ODS has easily made the requisite preliminary showing with respect to Rule 23(a)'s typicality requirement. Cases in the Second Circuit have held that the typicality requirement is met where "'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" Brady v. Top Ships Inc., 324 F.Supp.3d 335, 350 (E.D.N.Y. 2018) (Bianco, J.) (quoting In re Drexel Burnham Lambert Grp., Inc., 960 F.2d 285, 291 (2d Cir. 1992)). ODS, the only movant, alleges that because of defendants' deception, ODS, like other class members, was harmed when it sold Changyou ADSs at an artificially deflated price. See ODS Memorandum (Feb. 8, 2021) ("ODS Mem.") at 7, DE #7-1; see also In re Symbol Techs., Inc. Sec. Litig., No. 05-CV-3923 (DRH)(JO), 2006 WL 1120619, at *3 (E.D.N.Y. Apr. 26, 2006) (unopposed movant's claims satisfied typicality requirement); White Pine Invs., 2021 WL 38155, at *3 (same).

ODS has also preliminarily satisfied the adequacy requirement of Rule 23(a). The adequacy requirement is satisfied where, as here: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." Kaplan v. Gelfond, 240 F.R.D. 88, 94

---

[3] "[A]ny finding that Rule 23 requirements have been met at this stage do[es] not preclude a later challenge in the context of a Rule 23 class certification motion." Ford v. Voxx Int'l Corp., No. 14-CV-4183(JS)(AYS), 2015 WL 4393798, at *3 (E.D.N.Y. July 16, 2015) (citation omitted).

(S.D.N.Y. 2007). Based on ODS's submissions, the Court is satisfied that ODS's counsel, Labaton Sucharow LLP, is well-qualified to conduct the class action securities litigation at hand. See infra Part III. ODS maintains a sufficient financial interest in the outcome of the case to vigorously advocate on behalf of the class and, in its papers, ODS denies the existence of any conflicts of interest with absent class members, see ODS Mem. at 8, and none is apparent to the Court.

### C. Rebutting the Statutory Presumption

The PSLRA specifies that the statutory presumption in favor of selecting the investor or group of investors with the largest losses is rebutted only "upon proof" that the proposed lead plaintiff "will not fairly and adequately represent the interests of the class." In re Sequans, 289 F.Supp.3d at 425 (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)). Where, as here, no challenge has been made to ODS's motion and thus no showing has been made that ODS is inadequate for this task, the statutory presumption in its favor has not been rebutted and ODS is thus the most adequate plaintiff. See Rauch, 378 F.Supp.3d at 211 (no suggestion that statutory presumption was rebutted against an unopposed movant for lead plaintiff); White Pine Invs., 2021 WL 38155, at *4 (same).

## III. Approval of Lead Counsel

The PSLRA also specifies the procedure to be followed for approving lead counsel in putative class actions brought under federal securities laws. Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "Courts have correctly found that the PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel selection and counsel retention." Brady, 324 F.Supp.3d at 352 (citation and

internal quotations omitted). Though, as is evident from the statutory language, "the lead plaintiff's right to select and retain counsel is not absolute – the court retains the power and the duty to supervise counsel selection and counsel retention." City of Ann Arbor Emps.' Ret. Sys. v. Citigroup Mortg. Loan Tr. Inc., CV 08-1418 (LDW) (ETB), 2009 WL 10709107, at *5 (E.D.N.Y. Mar. 9, 2009) (quoting In re Luxottica Grp., S.p.A. Sec. Litig., No. 01-CV-3285, 2004 WL 2370650, at *3 (E.D.N.Y. Oct. 22, 2004)). However, "[t]he Court generally defers to the plaintiff's choice of counsel, and will only reject the plaintiff's choice . . . if necessary to protect the interests of the class." Rauch, 378 F.Supp.3d at 211 (citation omitted).

Here, ODS has chosen Labaton Sucharow LLP as lead counsel and seeks this Court's approval of that selection. In assessing a lead plaintiff's selection and retention to represent a purported class, courts in this Circuit give significant weight to counsel's experience. See Reitan v. China Mobile Games & Ent. Grp., Ltd., 68 F.Supp.3d 390, 401 (S.D.N.Y. 2014) (collecting cases). Labaton Sucharow LLP lawyers are experienced securities fraud class action litigators. The Firm's resume lists multiple securities class actions, including several in the Second Circuit, in which Labaton Sucharow LLP has either served as lead counsel or co-lead counsel. See Labaton Sucharow LLP Resume, DE #7-5; In re Am. Int'l Grp., Inc. Sec. Litig., 265 F.R.D. 157, 172 (S.D.N.Y. 2010), vacated and remanded on other grounds, 689 F.3d 229 (2d Cir. 2012); In re Bear Stearns Cos., Inc. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig., 08 M.D.L. 1963 (RWS), 2009 WL 50132, at *10 (S.D.N.Y. Jan. 5, 2009) (appointing Labaton Sucharow as co-lead counsel); see also ODS Mem. at 9. No purported class members have offered any reason why Labaton Sucharow LLP would be ill-equipped to serve as lead counsel in this case. This Court concludes, as have other courts in this Circuit, that based on the firm's experience, Labaton Sucharow LLP is qualified to serve as lead counsel in securities law cases.

Accordingly, the Court approves ODS's selection of Labaton Sucharow LLP to serve as lead counsel.

## **CONCLUSION**

For the reasons set forth above, the undersigned magistrate judge appoints ODS as lead plaintiff and approves Labaton Sucharow LLP as lead counsel.

Any objection to this Memorandum and Order must be filed with the Honorable Kiyo A. Matsumoto by April 28, 2021, or will be deemed waived. The filing of an objection, without more, will not stay this Court's Order.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
          **April 14, 2021**

　　　　　　　　　　　　　　　　　　　　/s/ *Roanne L. Mann*
　　　　　　　　　　　　　　　　　　**ROANNE L. MANN**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**